CASE No. 1101.

ALEXANDER v. ALEXANDER.

1. Section 357 of the Code of Procedure was repealed by the act of December, 1878, which fixes the time within which every appeal to the Supreme Court must be taken ; but such repeal did not affect cases where the right of appeal attached before this act went into operation.

2. Decree was filed November 22d, 1878, and more than three months afterwards, but before written notice of such filing, notice of appeal was given; on motion, the appeal was dismissed.

Motion to dismiss appeal.

Susan B. Alexander, and another, against T. M. Alexander, administrator, and others. No papers have been furnished the reporter, except the opinion of this court.

October 17th, 1881. The opinion of the court was delivered by

SIMPSON, C. J. The questions involved here arise upon a motion to dismiss the appeal in the above-entitled case.

On November 22d, 1878, a decree was pronounced by Judge Hudson, at chambers, in the above case, in favor of the plaintiff, respondent. The decree, on its face, purports to have been by consent of counsel on both sides. Judgment was entered, and the judgment roll filed on the same day of the decree in the clerk's office for Pickens county, the county of the action. On February 5th, 1880, over fourteen months after the judgment was perfected by filing the judgment roll, a notice of appeal was served on plaintiff's attorneys by other attorneys than those on the record for defendant, Sarah A. Alexander. This notice was endorsed by plaintiff's attorneys and returned.

Upon these facts the respondent now moves to dismiss the appeal on two grounds:

1. "Because the notice of appeal was not served within the time prescribed by the law.

2. "Because the decree was by consent, and is not, therefore, appealable."

At the time the decree of Judge Hudson was pronounced and the judgment entered, to wit, November 22d, 1878, the law regulating appeals as to time was contained in Section 357 of the code. That section provided "that appeals to the Supreme Court, under Subdivision 2, Section 11, of the code, must be taken within sixty days after written notice of the order shall

have been given to the party appealing. Every other appeal allowed by the second chapter of this title must be taken within three months after the judgment shall be perfected by filing the judgment roll." The decree or judgment appealed from in this case belonged to the second class above referred to, and the appealing party, therefore, had three months, and only three months, under Section 357 (*supra*) from the filing of the judgment roll, within which to appeal.

It is admitted that the notice was not given until after fourteen months had elapsed from that time. This, then, is fatal if Section 357 was applicable to the case. But the appellant contends that the appeal in this case is not governed by Section 357. She claims that Section 357 was repealed by the act of December, 1878, and this case is subject to the provisions of that act.

The act of 1878 provides "that in every appeal from an order, decree or judgment, or other matters from which an appeal may be taken to the Supreme Court, the appellant or his attorney shall, within ten days after written notice that such order, decree or judgment has been granted at chambers, give notice to the opposite party of his intention to appeal, * * * and upon his failure to do so, his appeal shall be regarded as waived." It is admitted that no written notice has ever been given to the appellant of the granting of the decree in question, so that if the act of 1878 (*supra*) does apply, then her claim that she is within time is well founded. The question, then, in the case is: Under which of these two acts, Section 357 of the code, or the act of December, 1878, does this appeal fall?

The act of 1878, by its terms (Section 5), was not to go into operation until February 1st, 1879, and by Section 6 of the act it is provided "that all acts, and parts of acts, inconsistent herewith are hereby repealed." 16 *Stat.* 699.

The respondent contends that Section 357 of the code, or at least so much of it as limits absolutely the time of appeal to three months, or to a certain class of cases, is not inconsistent with the act of 1878, and, therefore, that this portion of this section is still of force, which, not having been complied with by the appellant, the appeal must be dismissed. His position is,

that under Section 357 of the code, and previous to the passage of the act of December, 1878, a losing party was entitled to three months from the filing of the judgment roll within which to give his notice of appeal, in cases like that before the court, and that the act of December, 1878, has neither taken away nor extended this right absolutely, but that it still stands as to orders, decrees or judgments granted at chambers, except in cases where the successful party shall give written notice of the granting of such order, decree or judgment to the other side or his attorney, in which case the right to appeal is lost, unless, within ten days after such written notice, the appellant shall give notice of his intention to appeal. The argument is, that while the act of December, 1878, is inconsistent with the other provisions of Section 357 as to the sixty days allowed to orders, &c., and to so much as allowed three months to rulings, orders, decrees or judgments pronounced in open court, yet, as to the orders, decrees and judgments granted at chambers, the two may stand together, and that in such cases the time for appeal is still limited to three months from the filing of the judgment roll, unless the successful party shall give notice in writing to the other side, or by attorney, within that time of the filing of the decree, when the time will be curtailed and cut down to ten days thereafter. And the three months having elapsed in this case without any notice of the filing of the decree, the appeal has been waived without remedy.

This argument is ingenious, but we do not think it sound. We think that Section 357 of the code is inconsistent, in all of its provisions, with the act of December, 1878, and was, therefore, repealed from February 1st, 1879, the time when this act took effect. Section 357 gave the right of appeal from matters embraced under Subdivision 2 of Section 11 of the code for sixty days after written notice of the passage of the order. By the act of December, 1878, this time has been reduced to ten days. These two provisions are certainty inconsistent. In every other appeal under this section three months were allowed from the filing of the judgment roll. This embraced rulings, orders, decrees and judgments pronounced in open court, as well as those

I

granted at chambers. In the act of December, 1878, the time for appealing from rulings, orders, decrees or judgments pronounced in open court is reduced to ten days after the rising of the court. In terms this is inconsistent with Section 357. As to such orders, decrees and judgments as are granted at chambers, it is provided in the act of 1878, that the appeal must be taken within ten days after written notice that such orders, decrees or judgments have been granted. Is this not inconsistent with the right which the losing party had unconditionally for three months after the filing of the judgment roll under Section 357 in such cases? A new event is fixed, to wit, written notice of the granting of the decree, which is to give currency to the time within which the appeal is to be taken or deemed waived, and a new time is specified, to wit, ten days, instead of three months. Even according to the construction contended for by appellant, the unconditional right of three months, which is allowed under Section 357, is taken away by the provision which authorizes the successful party to shorten this time by the notice provided in the act of 1878. Thus far, at least, the provisions of the two acts are inconsistent. This would leave but a small fragment of the Section 357 untouched. Can it be that the legislature intended to repeal all of this section, except this fragment? In our opinion it was the intention of the legislature, by the act of December, 1878, to place all appeals upon nearly the same plane as possible, and, having provided that all appeals from rulings, orders, decrees or judgments, made and pronounced in open court, should be taken by notice of intention, within ten days after the rising of the court, or deemed waived where the parties litigant or their attorneys must be supposed to have had notice, it made the same provision as to orders, decrees and judgments granted at chambers—substituting written notice of the filing of the decree in the place of the announcement in open court of those granted there.

In this view we think that Section 357 of the code, as a whole, is inconsistent with the act of December, 1878, and, therefore, falls under the repealing clause of that act.

But we do not see how this can help the appellant in this case. The repeal of Section 357 did not take place until February

1st, 1879, when the act of 1878 took effect. The judgment in this case was rendered and the judgment roll filed some two months before this, to wit, November 22d, 1878. This even before the act of 1878 was passed. At that time Section 357 of the code was of force. The right of the appellant to his appeal then attached, and was subject both as to the right and as to its limitations to this section. The legislature did not intend that the act of 1878 should apply to such cases. It was intended to apply to and govern in cases where judgments, &c., should be rendered after the act took effect. The fifth section, providing that the act should not take effect until the first of February after its passage, is an unusual section to be found in an act, and can be explained in no other way but as indicating an intention that the act should have no retroactive effect, but, on the contrary, should apply only to orders, decrees and judgments obtained after it went into operation, leaving the law, as it then stood, to govern in cases already having passed into judgment. This view is sustained by authority. See the case of *Warren, Wallace & Co.* v. *Jones,* 9 *S. C.* 292, in which McIver, A. J., delivered the opinion of the court; *Ex parte Graham,* 13 *Rich. L.* 277 ; *Cooley Const. Lim.* 370.

Section 357 of the code, then, being of force at the time the right of appeal attached in this case, it must stand or fall, as that section may determine, and, it being admitted that no notice of appeal was given by the appellant within the three months after the filing of the judgment roll required by that section, it follows that the appeal must be dismissed.

The objection to the appeal being fatal on the first ground, it will be unnecessary to consider the second.

It is ordered that the appeal be dismissed.

McIver and McGowan, A. J.'s, concurred.